IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

_____

LULLOWEN TERRELL STOKES,

    Plaintiff,

vs.                                                                No. 14-2307-JDT-dkv

CECELIA LOVE, et al.,

    Defendants.

_____

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE
AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME
_____

      Plaintiff Lullowen Terrell Stokes, who is incarcerated at the Shelby County Correctional Facility ("SCCF"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. On October 6, 2014, Plaintiff filed an amended complaint [DE# 11], and on December 5, 2014, Plaintiff filed a second amended complaint [DE# 14]. Defendant Cecelia Love has filed a motion [DE# 26] to strike the second amended complaint. Plaintiff has filed a response to Defendant's motion and a motion for extension of time in which to file another amended complaint [DE# 28]. Defendant opposes Plaintiff's motion. For the reasons set forth below, Defendant's motion is GRANTED, and Plaintiff's motion is DENIED.

      Rule 15(a) of the Federal Rules of Civil Procedures provides as follows:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Defendant has moved to strike the second amended complaint pursuant to Rule 15(a)(2) and Rule 12(f) which permits courts to strike a pleading or portion of a pleading that contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

As noted by Defendant, Plaintiff filed his second amended complaint without obtaining Defendant's written consent or permission from the court. Therefore, this complaint must be stricken. See Nicholson v. City of Westlake, 20 Fed. Appx. 400, 402 (6th Cir. 2001)) ("On April 2, 2010, Plaintiff filed a second amended complaint … without seeking leave of Court or, apparently, obtaining the consent of Defendant.… Because Plaintiff amended his complaint once as a matter of right, he was not entitled to file a second amended complaint without leave of court."); see also Batesville Casket Co. v. United Steelworkers of America, 2007 WL 4289983, *5 (E.D. Tenn. Dec. 5, 2007) (citations omitted) ("Therefore, pursuant to Rule 15(a), Defendant was required to obtain leave of court or written consent from the Plaintiff before amending its Answer. Defendant did not do either. Accordingly, Defendant's Amended Answer is a nullity.").

Plaintiff has requested leave to file an amended complaint. He states that an amended complaint is necessary to show that Defendant's statements in her answer are false and inaccurate. Plaintiff is mistaken. The purpose of a complaint is to set forth the plaintiff's cause of action, i.e., to show grounds for the entitlement of relief - not to refute statements in the defendant's answer. See generally Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Therefore, Plaintiff's argument is without merit.

In summary, Defendant's motion to strike is GRANTED, and the second amended complaint [DE# 14] is hereby STRICKEN. Plaintiff's motion for an extension of time to file another amended complaint is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE