IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LULLOWEN TERRELL STOKES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CECELIA LOVE, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 2:14-cv-02307-JDT/dkv <br> Jury Demanded |

**ORDER DENYING PLAINTIFF'S
PETITION FOR NO CONTACT ORDER**

BEFORE THE COURT is Plaintiff Lullowen Terrell Stokes' Petition for No Contact Order [DE #34]. Upon the Petition and Defendant Cecelia Love's ("Sgt. Love") Response in Opposition [DE #35], the Court finds that the Petition is not well taken. The Petition is DENIED for the reasons stated herein.

Plaintiff, a *pro se* inmate, asks the Court to prohibit Sgt. Love from having any contact with him, a request which is in the nature of a motion for preliminary injunctive relief. *See*, *Tunstall v. Knowles*, 2010 WL 7785605 (E.D. Cal. Aug. 6, 2010). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Whether to deny or grant preliminary injunctive relief turns on:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Tumblebus v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005); *see generally*, Fed. R. Civ. P. 65(a).

In this case, Plaintiff has not demonstrated that he is likely to succeed on the merits of his Petition or that he will suffer irreparable injury without injunctive relief. According to Plaintiff, he had no cause to petition the Court until recently, "when the Adult Offenders Center, inmates and employees alike, were moved from 961 Sycamore View, Memphis, TN to 1045 Mullins Station Road in Memphis, Tennessee." This move, Plaintiff asserts, "enhanc[es] the chances of [him] and [Sgt. Love] meeting … [a]nd open[s] opportunities for [Sgt. Love] to retaliate and/or cause [him] further bodily harm."

Plaintiff believes this move of inmates and employees increases the possibility he and Sgt. Love might be in the same place at the same time, and, this possibility might, by chance, provide Sgt. Love an opportunity to retaliate against him or injure him. However, Plaintiff asserts no basis to anticipate Sgt. Love will act in such a way; instead, he just thinks she might. Thus, Plaintiff fails to provide any grounds for his request for extraordinary relief.

Further, the Court declines to involve itself in the day-to-day operations of the Shelby County Division of Corrections by modifying the job assignments of one of its employees, Sgt. Love. Absent a constitutional issue, "[t]he federal courts will

2

not intrude themselves in the administration of" local penal institutions. *E.g.*, *Whitaker v. McCullough*, 513 F. Supp. 428 (E.D. Tenn. 1980) (state jail); *see generally*, *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976).

Absent any showing that he is entitled to extraordinary preliminary injunctive relief, Plaintiff's Petition is DENIED.[1]

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] The issuance of the requested injunction also could substantially harm the Shelby County Division of Corrections by interfering in its day-to-day operations. Moreover, it is in the public interest for local penal institutions to govern themselves in the absence of constitutional issues. For these reasons as well, Plaintiff is not entitled to preliminary injunctive relief and his Petition is DENIED.